# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2560
_____

United States of America

*Plaintiff - Appellee*

v.

Danny Lee Dumas

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: September 25, 2018
Filed: December 18, 2018
[Unpublished]
_____

Before COLLOTON, BEAM, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Danny Dumas appeals his imposed statutory maximum sentence of 240 months in prison and supervised release for life, following his guilty plea to one count of receiving and distributing child pornography in violation of 18 U.S.C. § 2252. The sentence represents the statutory maximum, and was a variance above the Guidelines range of 188 to 235 months. At sentencing, defense counsel advocated for a

significant downward variance, citing Dumas's significant mental health problems, including diagnoses of bipolar disorder and schizophrenia. Counsel also argued that United States Sentencing Guideline 2G2.2(b)(6), which adds two levels for use of a computer in the receipt and production of child pornography, should not be used in every child pornography case because it is essentially redundant in this day and age, as all or nearly all such offenses involve computers now. In response, the district court[1] questioned defense counsel extensively about Dumas's prior history of poor success on state parole from various serious and disturbing state court crimes, his lack of compliance with taking his mental health drugs when he was not in prison, and the fact that the crimes he was actually charged with in state court likely under represented his actual criminal history. The prosecutor underscored these factors outlined by the district court's line of questioning, and with regard to the U.S.S.G. § 2G2.2(b)(6) enhancement, pointed out that the instant case was not a run-of-the-mill child pornography case and that Dumas used the computer for more than just peer-to-peer downloading and sharing. The prosecutor noted that in addition to file sharing, Dumas accessed chat rooms wherein Dumas suggested to a person that this person should molest a young child. Further, Dumas made comments to another person in a chat room indicating that Dumas himself was molesting an underage youth. The prosecutor ultimately asked for a within-Guidelines sentence of 200 months. When pronouncing sentence, the district court listed and stated that it was considering the factors set forth in 18 U.S.C. § 3553(a), and sentenced Dumas to the statutory maximum of 240 months in prison. Dumas appeals the sentence as substantively unreasonable, raising the mental health issues, challenging the reasonableness of the U.S.S.G. § 2G2.2(b)(6) computer enhancement, and taking issue with the fact that the sentence is above the Guidelines range despite the fact that Dumas took full responsibility for his crime.

---

[1]The Honorable Roseann Ketchmark, United States District Judge for the Western District of Missouri.

On a substantive reasonableness challenge, we review the district court's sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The district court abuses its discretion if it fails to consider a relevant factor that should have instead received significant weight, gives significant weight to an improper factor, or considers appropriate factors but commits a clear error of judgment in weighing those factors. United States v. Long, 906 F.3d 720, 727 (8th Cir. 2018). We have reviewed the record, including the transcript and presentence investigation report, and find no abuse of discretion. Here, the district court considered all of the relevant factors, did not give weight to any improper factor, and did not commit a clear error in judgment. The district court's questioning reveals that it carefully considered Dumas's mental health issues, and questioned the government about the use of U.S.S.G. § 2G2.2(b)(6) as an enhancement for specific offense conduct. To the extent that there may be some concern about U.S.S.G. § 2G2.2(b)(6) and its redundancy with regard to use of a computer in child pornography cases, we agree with the government that this particular case is not an appropriate vehicle for challenging that provision, given Dumas's actual use of computers in this case. While we can appreciate the fact that Dumas has apparently taken responsibility for his crime, he did not advocate that particular fact as a reason for a further downward variance at sentencing, and he did in fact receive a three-level reduction to his base offense level for acceptance of responsibility. Thus, we find no abuse of discretion and affirm the district court.

_____